UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION



FEB 2 6 2013

CLERK, U.S.
RICHM...

HELEN OZAH,

                              Petitioner,

v.                                             Civil Action No. 3:12–CV–337

ERIC HOLDER *et al*,

                              Respondents.

## MEMORANDUM OPINION

THIS MATTER is before the Court on Respondents' Motion to Dismiss Petitioner Helen Ozah's Petition for Writ of Habeas Corpus and Request for Release from Detention (ECF No. 7). Petitioner has been detained by Immigration and Customs Enforcement ("ICE") without an individualized bond hearing and seeks relief pursuant to 28 U.S.C. § 2241. For the reasons stated below, the Court GRANTS Respondents' Motion to Dismiss.

## I.      BACKGROUND[1]

Petitioner, a Nigerian citizen, is a legal permanent resident of the United States and has resided in the United States for roughly 24 years. Petitioner was arrested in Stafford County, Virginia on or about February 15, 2000 for False Application and Welfare Fraud under Va. Code Ann. § 63.1-107.1. Petitioner pled guilty to one count of False Application and one count of Welfare Fraud on January 24, 2001, and was sentenced to four years' incarceration, with four years suspended, as well as probation, costs, and restitution. Petitioner was in custody for these offenses only during her arrest on or about February

---

[1] For the purposes of this Motion, the Court assumes all of Plaintiff's well-pleaded allegations to be true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009).

15, 2000 and spent no further time in jail. Although Petitioner believed that her probation had concluded after ten years, she was arrested in March 2012 by ICE for missing a reporting date and thereby violating parole.

ICE served Petitioner with a Notice to Appear in Immigration Court charging that, due to her conviction for False Application, she is deportable as an aggravated felon under Section 237 of the Immigration and Nationality Act ("INA"). *See* 8 U.S.C. § 1227 (a)(2)(A)(iii)(codifying INA § 237)("Any alien who is convicted of an aggravated felony at any time after admission is deportable.") Petitioner has been detained without bond since March 29, 2012 on the ground that she was a convicted of an aggravated felony, and thus, became subject to the mandatory detention provisions of Section 236(c) of the INA, codified at 8 U.S.C. § 1226(c), when she was released from state custody in 2000. On April 26, 2012, an Immigration Judge with the Arlington Immigration Court denied Petitioner's request for an individualized bond hearing.

In Count One of her petition, Petitioner asserts that, in light of the fact that she was not arrested by ICE upon her release from state custody, but rather, more than ten years later, she is not a mandatory detainee under § 1226(c). Accordingly, Petitioner claims that ICE and the Immigration Court have violated her statutory right to an individualized bond hearing. In Count Two, Petitioner alleges that her indefinite detention without the possibility of bond violates her right to Due Process. Petitioner asserts that she has suffered and will continue to suffer irreparable harm and that she has exhausted her administrative remedies as required. Notably, Petitioner has not appealed the Immigration Judge's denial of her bond to the Board of Immigration Appeals (BIA) due to her belief that an appeal would be completely futile and would prolong her detention. Petitioner seeks a declaratory

judgment stating that (1) she is eligible to be released on bond during her removal proceedings, (2) that the Immigration Court and ICE have misinterpreted § 1226(c) in violation of the Eighth Amendment and the Due Process Clause, and (3) that Petitioner is entitled to an individualized bond hearing. Petitioner otherwise asks this Court to order that she be released from ICE custody or granted a bond hearing promptly.

On July 2, 2012, Respondents filed a Motion to Dismiss[2] Petitioner's § 2241 motion on the ground that mandatory detention is proper because the BIA's interpretation of § 1226(c) is entitled to deference and is otherwise supported by binding Fourth Circuit precedent. This matter has been fully briefed and is ripe for review.

## II.     JURISDICTION

28 U.S.C. § 2241 authorizes federal courts to hear cases in which an alien claims that he or she is being held in custody in violation of the United States Constitution or federal law. *See* § 2241(c)(3); *Zadvydas v. Davis*, 533 U.S. 678, (2001).

## III.    DISCUSSION

### A.  *Count One: Statutory Violation*

Petitioner claims that she is not subject to mandatory detention under § 1226(c) because she was not detained by ICE until more than ten years after her release from state custody. § 1226 authorizes the United States to arrest, detain, and release an alien pending removal proceedings, *see* § 1226(a), but certain categories of aliens are subject to mandatory detention under § 1226(c), which provides in relevant part as follows:

---

[2] As a preliminary matter, Petitioner argues that the Court should disregard Respondents' Motion as procedurally defective because the Motion and Brief in Support were submitted together in a single document rather than separately, and also on the ground that the Motion does not state with particularity the grounds for the Motion and the relief sought. *See* E.D. Va. Loc. R. 7(a), (f). The Court finds that Respondents' Motion sufficiently complies with Local Rule 7 and will consider the merits of this Motion.

c) Detention of criminal aliens.
    (1) Custody. The Attorney General shall take into custody any alien who--
        (A) is inadmissible by reason of having committed any offense covered in section 212(a)(2) [8 USCS § 1182(a)(2)],

        (B) is deportable by reason of having committed any offense covered in section 237(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) [8 USCS § 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D)],

        (C) is deportable under section 237(a)(2)(A)(i) [8 USCS § 1227(a)(2)(A)(i)] on the basis of an offense for which the alien has been sentence [sentenced] to a term of imprisonment of at least 1 year, or

        (D) is inadmissible under section 212(a)(3)(B) [8 USCS § 1182(a)(3)(B)] or deportable under section 237(a)(4)(B) [8 USCS § 1227(a)(4)(B)],

***when the alien is released***, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

§ 1226(c)(emphasis added). Because Petitioner was charged with committing an aggravated felony under § 1227(a)(2)(A)(iii), she has been held without a bond hearing and found to be subject to mandatory detention under § 1226. *See* § 1226(c)(1)(B).

Petitioner disputes that her conviction constitutes an aggravated felony, but she asserts that even if she has committed an aggravated felony for the purposes of § 1226, she is still not subject to mandatory detention because ICE did not arrest her 'when' she was released from state custody. Petitioner cites the plain language of the statute as well as prior case law from this Court in support of her argument that the words "when the alien is released" in § 1226(c) unambiguously mean "precisely at the time the alien is released on the charge triggering an enumerated ground of inadmissibility," that is, *immediately* upon release. (Pet'r's Mem. Supp. 5-6.) *See Hosh v. Lucero*, No. 1:11-cv-464, 2011 U.S. Dist. LEXIS 52040 (E.D. Va. May 16, 2011), *rev'd* 680 F.3d 375 (4th Cir. 2012); *Bracamontes v. Desanti*, No. 2:09cv480, 2010 U.S. Dist. LEXIS 75977 (E.D. Va. July 26, 2010); *Waffi v. Loiselle*, 527

F.Supp.2d 480, 488 (E.D. Va. 2007). Petitioner argues that because § 1226(c) is clear, the Court need not defer to the BIA's determination in *In re Rojas*, 23 I. & N. Dec. 117 (BIA 2001) that an alien is not exempted from the § 1226(c) mandatory detention provision by the fact that he was not detained immediately upon his release from state custody. *See Rojas*, 23 I. & N. Dec. at 127. *See also Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984)(deferring to an agency's interpretation of an ambiguous statute if the interpretation is a permissible construction).

Although Petitioner's position was supported substantially by case law within this Circuit at the time that she filed her § 2241 Motion, the Fourth Circuit has since abrogated those decisions in *Hosh v. Lucero*, 680 F.3d 375 (4th Cir. 2012) and rejected arguments identical to Petitioner's. In *Hosh,* the Fourth Circuit found that § 1226(c) is ambiguous, and applying *Chevron* deference, the Court held that "the BIA's determination that criminal aliens like Hosh are subject to mandatory detention, despite not having been detained immediately upon release from state custody, is based on a permissible construction of § 1226(c)." *Hosh*, 680 F.3d at 380. While the Court agreed that § 1226(c) "connotes some degree of immediacy," the Court was unable to further "conclude that Congress clearly intended to exempt a criminal alien from mandatory detention and make him eligible for release on bond if the alien is not *immediately* taken into federal custody." *Id.* at 381 (emphasis in original). Accordingly, the Fourth Circuit reversed the district court in *Hosh*, which had granted Hosh's petition in part and remanded the matter for a bond hearing in reliance on the same cases that Petitioner cites in her § 2241 Motion.[3]

---

[3] The district courts within the Fourth Circuit that have considered arguments identical to Petitioner's since *Hosh* have applied this new precedent. *See Velasquez-Velasquez v. McCormick*, No. CCB-12-1423, 2012 U.S. Dist. LEXIS 122892 (D. Md. Aug. 28, 2012)(holding

Recognizing that their holding in *Hosh* was counter to the prior decisions of district courts within this Circuit, the Fourth Circuit further held that "even if we assume that the [§ 1226(c)] statute commands federal authorities to detain criminal aliens at their exact moment of release from other custody, we still conclude that a criminal alien who is detained after that exact moment is not exempt from mandatory detention." *Id.* at 381; *see id.* at 382 ("The negligence of officers, agents, or other administrators, or any other natural circumstance or human error that would prevent federal authorities from complying with § 1226(c), cannot be allowed to thwart congressional intent and prejudice the very interests that Congress sought to vindicate.") Relying on *United States v. Montalvo-Murillo*, 495 U.S. 711, 713-14 (1990), the Fourth Circuit held that "§ 1226(c) does not specify any consequence for the Government's failure to detain a criminal alien immediately upon release, and therefore even if 'the duty is mandatory, the sanction for breach is not loss of all later powers to act.'" *Hosh*, 680 F.3d at 382 (quoting *Montalvo-Murillo*, 495 U.S. at 718).

Petitioner attempts to distinguish her case from *Hosh* and the cases upon which it relies, but the factual distinctions that she raises do not compel a departure from this authority. Firstly, Petitioner contends that despite the Fourth Circuit's holding in *Hosh*, § 1226(c) "still contains inherent temporal limitations" (Pet'r's Opp. Brief 2), thus *Hosh* does not apply in cases with delays as lengthy as the present case. Because *Rojas* involved a delay of only two days and *Hosh* involved a lapse of three years, Petitioner claims that to apply *Hosh* to her case, where more than ten years passed between her release from

_____

that the petitioner was subject to the mandatory detention under § 1226(c) despite the more than two year delay between his release from state custody and his immigration detention); *Obaid v. Lucero*, 1:12cv415, 2012 U.S. Dist. LEXIS 111778 (E.D. Va. Aug. 8, 2012)(same where the delay was roughly five months). *See also Pasicov v. Holder*, No. 11-6968, 2012 U.S. App. LEXIS 14741, at *2-3 (4th Cir. July 17, 2012)(vacating the grant of partial habeas relief and remanding for further proceedings in light of *Hosh*) (unpublished).

custody and arrest by ICE, would be to hold unreasonably that the "when released" language in § 1226(c) means "any time if and when the government decides to get around to it." (*Id.* at 6.) However, while the delay in Petitioner's case is certainly considerable, the Fourth Circuit clearly understood that its holding in *Hosh* would result in mandatory detention after similarly extended periods of time when it abrogated cases in which the Government delayed detention by eight or more years. *See Keo*, 2011 U.S. Dist. LEXIS 75619 (alien detained about eight years after his release from state custody); *Cummings v. Holder*, No. 1:10-cv-1114, 2011 U.S. Dist. LEXIS 53626 (E.D. Va. Jan. 14, 2011)(nine years); *Bracamontes*, 2010 U.S. Dist. LEXIS 75977 (eight years); *Hosh*, 680 F.3d at 379 n.3 (abrogating the specified cases). Petitioner has thus failed to distinguish her case from the squarely applicable *Hosh* and the Fourth Circuit has not otherwise limited its holding.

Secondly, Petitioner claims that her case is unlike *Montalvo-Murillo*, which *Hosh* cites for the proposition that "the Government does not forfeit its ability to detain a defendant after a failure to comply with a statutory immediacy requirement," even where, as in *Montalvo-Murillo*, the requirement is for the benefit of the defendant-arrestees. *Hosh*, 680 F.3d at 382-83. Petitioner first argues that the Government in *Montalvo-Murillo* would have been left with no ability whatsoever to detain the defendant following its failure to timely comply with 18 U.S.C. § 3142, a statute similar to § 1226, while in this case, the Government retains the ability to detain an alien under § 1226(a). However, the Fourth Circuit explicitly considered this distinction in *Hosh* and found that, while valid, the distinction did not render the holding in *Montalvo-Murillo* inapplicable. *See id.* at 382 n.8.

Petitioner further argues that, unlike Petitioner, the defendant in *Montalvo-Murillo* had already been found to be a flight risk and dangerous before that Court held that his

detention was proper despite the Government's failure to timely comply with § 3142. However, this distinction does not undermine the applicability of *Montalvo-Murillo* since the Court's holding was not based on whether the defendant would have been detained notwithstanding the Government's untimeliness, but rather more broadly on the fact that "[t]here is no presumption or general rule that for every duty imposed upon the court or the Government and its prosecutors there must exist some corollary punitive sanction for departures or omissions, even if negligent." *Montalvo-Murillo*, 495 U.S. at 711. Accordingly, even if the Court were to accept Petitioner's argument that mandatory detention is not permitted under § 1226(c) where the delay before detention is considerably long, Petitioner cannot avoid the Fourth Circuit's conclusion, based on *Montalvo-Murillo*, that the Government's failure to act in a timely manner does not strip the Government of its authority to detain her now under § 1226(c).

Because Petitioner's argument that her detention is not permissible under § 1226(c) was rejected in *Hosh*, and as she has not provided any persuasive argument that she is otherwise exempt from this holding, the Court GRANTS the Motion to Dismiss Count One.

### B. Count Two: Due Process Violation

Petitioner also asserts that her detention without a bond hearing violates substantive and procedural Due Process under the Constitution. Applying *Mathews v. Eldridge*,[4] Petitioner claims that her detention violates due process when considering: (1)

---

[4] *See Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)(identifying three factors to consider when evaluating whether an individual's due process rights have been violated: "[f]irst, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.")

Petitioner's substantial interest in her liberty, (2) a high risk of erroneous deprivation, and (3) the government's minimal interest in Petitioner's continued detention given her strong candidacy for release upon bond. Further, Petitioner asserts that she has no other legal mechanism to present her arguments for a reasonable bond, and that in light of the complexity of the case and a backlog in the Arlington Immigration Court, the Government could otherwise detain Petitioner for an unreasonably long period of time pre-removal.

However, Petitioner's claim that her detention is unconstitutional also fails since she is properly subject to mandatory detention under § 1226(c) in light of *Hosh, see supra* III(A), and since the United States Supreme Court expressly held in *Demore v. Hyung Joon Kim*, 538 U.S. 510, 531 (2003) that mandatory detention during removal proceedings is constitutionally permissible. *See Obaid*, 2012 U.S. Dist. LEXIS 111778, at *6-7 (denying a petitioner's claim that his mandatory detention under § 1226(c) violated due process in light of *Hosh* and *Demore*). Accordingly, the Court GRANTS the Motion to Dismiss Count Two.

## IV.  CONCLUSION

For the reasons stated above, Respondents' Motion to Dismiss is GRANTED and Petitioner's § 2241 Motion is hereby DISMISSED.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

An appropriate order shall issue.

_____/s/_____
James R. Spencer
United States District Judge

ENTERED this __26th__ day of February 2013.